# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Amanda Jenkins, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No.   1:19-cv-1435 |
| | ) |
| National Check Resolution, Inc., a | ) |
| Georgia corporation, | ) |
| | ) |
|    Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Amanda Jenkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Amanda Jenkins ("Jenkins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Purchasing Power.

4. Defendant, National Check Resolution, Inc. ("NCR"), is a Georgia corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone/internet and credit reporting to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, NCR was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant NCR is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant NCR conducts business in Indiana.

6. Defendant NCR is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On July 2, 2018, Ms. Jenkins filed a Chapter 7 bankruptcy petition in a matter styled In re: Jenkins, S.D. Ind. Bankr. No. 18-05079-JJG-7.  Among the debts included in the bankruptcy was a debt she allegedly owed to Purchasing Power, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on July 4, 2018, Purchasing Power was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9. Moreover, on October 13, 2018, Ms. Jenkins received a discharge of her debts, and on October 15, 2018, Purchasing Power was sent, via electronic

transmission, notice of the discharge by the court, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit E.

10. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files on the creditor and NCR, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services. In fact, the negative credit report that NCR made about Ms. Jenkins notes that the debt was included in her bankruptcy, see, excerpt of TransUnion credit report, which is attached as Exhibit F.

11. Nonetheless, Defendant NCR sent Ms. Jenkins a collection letter, via email, dated March 20, 2019, demanding payment of the Purchasing Power debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit G.

12. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA.

13. All of Defendant NCR's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that was eliminated by a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant NCR's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy, the notices issued by that court (Exhibits D and E) and the credit report (Exhibit F), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit G),

Defendant violated § 1692c(c) of the FDCPA.

22. Defendant NCR's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Amanda Jenkins, prays that this Court:

1. Find that Defendant NCR's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jenkins, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda Jenkins, demands trial by jury.

        Amanda Jenkins,

        By:/s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: April 9, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
Sawin, Shea & Steinkamp, LLC
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 255-2600
(317) 255-2905 (FAX)
john@sawinlaw.com

6